1

2

3

FILED

2013 FEB -5 PM 1:49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4

5

BY _____ DEPUTY

6

7

8 # UNITED STATES DISTRICT COURT

9 ## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 PACING TECHNOLOGIES, LLC, | CASE NO. 12-CV-1067 BEN (WMC) |
| 12 Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' PARTIAL MOTION TO** |
| 13 vs. | **DISMISS** |
| 14 GARMIN INTERNATIONAL, INC., GARMIN USA, INC., | [Docket No. 26] |
| 15 Defendants. | |

16

17       Defendants Garmin International, Inc. and Garmin USA, Inc. (collectively "Garmin") move

18 to dismiss the induced infringement and willful infringement claims in Plaintiff Pacing Technologies

19 LLC's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil

20 Procedure. For the reasons stated below, the motion is **GRANTED IN PART**.

21                                      **BACKGROUND**

22       This is an action for patent infringement. According to the FAC, Pacing is the owner by

23 assignment of U.S. Patent No. 8,101,843 ("the '843 Patent"). (FAC ¶¶ 11-12.) The claims of the '843

24 Patent pertain to "a system and method that facilitate a user using a web service to pre-select and

25 designate activities and a target pace or tempo used in repetitive motion activities such as, but not

26 limited to, running, walking, swimming, cycling, aerobics, and the like, store such information, and

27 transfer activity- or pace/tempo-related information between the web service and a portable,

28

1  GPS-enabled device that displays some of that information to the user."[1]  (*Id.* ¶ 13.) In 2011, Pacing

2  released an iPhone application ("app") called PaceDJ, that helps athletes synchronize their pace with

3  songs. (*Id.* ¶ 14.)

4          Pacing accuses Garmin of infringing the '843 patent by making, using, selling, offering for sale,

5  and importing into the United States products or services such as fitness watches, a smartphone app

6  called Garmin Fit, and a web service named Garmin Connect that lets users track workout data online.

7  (*Id.* ¶¶ 18-22.) It further alleges that Garmin's infringement is willful, justifying enhanced damages,

8  and that Garmin induces its customers to infringe by providing and encouraging use of these products

9  and services in an infringing manner. (*Id.* ¶¶ 30, 33-43.)

10          Presently before the Court is Garmin's motion to dismiss Pacing's claims of induced and

11  willful infringement. The matter is fully briefed. The Court finds the motion suitable for resolution

12  on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1.

13                                      **DISCUSSION**

14          "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely

15  procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354,

16  1355-56 (Fed. Cir. 2007). Accordingly, this Court follows Ninth Circuit procedural law in resolving

17  the issues in dispute.

18          Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the complaint fails

19  to state a claim upon which relief may be granted. Rule 8(a)(2) states that a pleading must contain "a

20  short and plain statement of the claim showing that the pleader is entitled to relief." A complaint is

21  deficient if it fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S.

22  544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

23  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

24  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At this juncture, the Court accepts all well-pleaded

25  allegations of material fact as true and construes them in a light most favorable to the nonmoving

26  party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). When a

27  claim is dismissed, courts liberally grant leave to amend. FED. R CIV. P. 15(a).

28

---

[1] GPS refers to Global Positioning System technology.

1    **I.    INDUCED INFRINGEMENT OF THE '843 PATENT**

2    Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable

3    as an infringer." To prove inducement, a patentee must show that direct infringement occurred and

4    that that the alleged infringer had "knowledge that the induced acts constitute patent infringement."

5    *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). "Inducement requires

6    evidence of culpable conduct, directed to encouraging another's infringement, not merely that the

7    inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d

8    1293, 1306 (Fed. Cir. 2006) (en banc). Thus, to satisfy *Twombly* and its progeny, Pacing must plead

9    "facts plausibly showing that the [Garmin] specifically intended [its] customers to infringe the ['843

10   patent] and knew that the customers' acts constituted infringement." *In re Bill of Lading Transmission*

11   *and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

12   Garmin contends that Pacing fails to adequately plead that: (1) Garmin knew about the patent,

13   and; (2) Garmin had the specific intent to induce third party infringement. The Court will address each

14   purported deficiency in turn.

15   **A.    Knowledge**

16   In support of its conclusory allegation that Garmin had "actual and/or constructive knowledge"[2]

17   of the patent in suit, Pacing makes two types of factual allegations. The first suggests knowledge prior

18   to the filing of the initial complaint. The second suggests post-filing knowledge. The pre-suit

19   allegations are as follows. Garmin holds hundreds of patents, regularly files patent applications, and

20   performs due diligence including patent searches and prior art searches related to fitness products. (*Id.*

21   ¶¶ 23-25.) Garmin actively participates in the research, development, marketing, and sale of fitness

22   products, including Garmin Fit, which competes with Pacing's app, PaceDJ. (*Id.* ¶ 26). Pacing's

23   products, PaceDJ and the affiliated website, both display the message "US Patents 7,825,319 and

24   8,101,843." (*Id.* ¶ 29.) Pacing contends that these facts support a reasonable inference that Garmin

25   had knowledge of the '843 patent prior to this litigation, but if not, Garmin has had knowledge at least

26

27

28   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [2] The Supreme Court suggested in *Global-Tech* that *actual* knowledge, or at least "willful
     blindness" is required. *Global-Tech*, 131 S. Ct. at 2068.

1  since May 4, 2012, when Pacing served Garmin with the initial complaint (ECF No. 1.), to which a

2  copy of the '843 Patent was attached. (*Id.* ¶ 35).

3       Pacing's allegations are too speculative to support a reasonable inference that Garmin knew

4  of the patent prior to commencement of this suit. *See, e.g., MONEC Holding AG v. Motorola Mobility,*

5  *Inc.*, No. 11-798-LPS-SRF, 2012 WL 4340653, at *5 (D. Del. Sept. 20, 2012) ("This court has not

6  been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's

7  participation in the same market, media publicity and unrelated litigation by the defendant's

8  competitors concerning the relevant patent.").

9       Whether Garmin's *post*-filing knowledge suffices to state a claim presents a closer question.

10  District courts are divided on the issue, even within this circuit. *Compare Proxyconn Inc. v. Microsoft*

11  *Corp.*, No. SACV 11-1681 DOC (ANx), 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012) ("[A]

12  complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports

13  to establish the knowledge element is the allegation that the complaint itself or previous complaints

14  in the *same* lawsuit establish the defendant's knowledge of the patent.") *with EON Corp. IP Holdings,*

15  *LLC v. Sensus USA, Inc.*, No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. Oct. 1, 2012)

16  ("Though the claims for indirect infringement both require knowledge of the patent, the Federal Circuit

17  has recently held that post-filing knowledge is sufficient to meet this requirement." (citing *Bill of*

18  *Lading*, 681 F.3d at 1345)). This Court is persuaded by the latter camp, which sees "no reason why

19  a defendant who is directly infringing on a product should avoid liability for an indirect infringement

20  claim when it continues to sell the allegedly infringing product and encourages others to infringe,

21  simply because it happened to learn of the patent in connection with a lawsuit." *Trading Tech. Intl.,*

22  *Inc. v. BCG Partners, Inc.*, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011). Pacing alleges that

23  Defendants knew about the '843 Patent through the initial complaint yet "continued to make their

24  products and web services available to its customers." (FAC ¶ 35.) For inducement occurring after

25  the filing date, such allegations of knowledge suffice. Accordingly, the Court will not dismiss

26  Pacing's claim for failure to plead knowledge of the patent-in-suit. It will, however, limit the claim

27  to post-filing conduct. *See Symantec Corp. v. Veeam Software Corp.*, No. C 12-00700 SI., 2012 WL

28

1   1965832, at *5 (N.D. Cal. May 31, 2012) (construing similar allegations to cover inducement only for
2   post-filing conduct).

3           **B.    Specific Intent**

4           Garmin next contends that Pacing failed to plead facts from which the Court can reasonably
5   infer that it had the specific intent to induce infringement. The Court disagrees. Pacing alleges that
6   Garmin has known of the patent-in-suit since, at least, the filing date of the initial complaint, which
7   identified the alleged infringing products. (FAC ¶ 35.) It alleges that Garmin encourages its customers
8   to use its products in an infringing manner by bundling them with "cadence sensing accessories" or
9   by incorporating "built-in cadence-type sensing features." (*Id.* ¶ 38.) It alleges that Garmin, through
10  quick start manuals, video tutorials videos, and answers to frequently asked questions, instructs
11  customers how to transfer pacing-related information between its devices and website in a manner it
12  knows to be infringing. (*Id.* ¶¶ 39-40.) At this juncture, such allegations are sufficient to support an
13  inference of specific intent, albeit one limited to post-filing acts of inducement. *See AntiCancer, Inc.*
14  *v. Fujifilm Med. Sys. U.S.A., Inc.*, 745 F. Supp. 2d 1165, 1170 (S.D. Cal. 2010) ("'[A]dvertising an
15  infringing use or instructing how to engage in an infringing use, show an affirmative intent that the
16  product be used to infringe' and can constitute actively aiding another's infringement." (quoting *DSU*
17  *Med. Corp.*, 471 F.3d at 1305)); *Radiation Stabilization Solutions LLC v. Accuray Inc.*, No. 11-CV-
18  07700, 2012 WL 3621256, at *4 (N.D. Ill. Aug. 21, 2012) (inferring specific intent from allegations
19  that a defendant, on "information and belief," was inducing infringement "at least as of the date of the
20  filing of this complaint" and that its machine infringed plaintiff's patent.)

21          **II.    WILLFUL INFRINGEMENT OF THE '843 PATENT**

22          "A finding of willful infringement allows an award of enhanced damages under 35 U.S.C. §
23  284." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005 (Fed. Cir.
24  2012). "[A] party cannot be found to have 'willfully' infringed a patent of which the party had no
25  knowledge." *Gustafson, Inc. v. Intersystems Indus. Products, Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990).
26  A complaint with only a "bare recitation of the required legal elements for willful infringement" will
27  not survive a motion to dismiss. *Robert Bosch Healthcare Sys., Inc. v. Express MD Solutions, LLC*,
28

1    C 12-00068 JW, 2012 WL 2803617, at *3 (N.D. Cal. July 10, 2012).  A mere "allegation of actual

2    knowledge, without more," is also fatal.  *Id.* (internal quotation marks omitted).

3              Willful infringement differs from inducement in that, allegations of post-filing knowledge are

4    generally insufficient to support a claim.  *EON Corp.*, 2012 WL 4514138, at *1; *LML Holdings, Inc.*

5    *v. Pacific Coast Distributing Inc.*, No. 11-CV-06173 YGR, 2012 WL 1965878, at *5 (N.D. Cal. May

6    30, 2012).  The Federal Circuit has explained that a preliminary injunction "generally provides an

7    adequate remedy for combating post-filing willful infringement." *In re Seagate Tech., LLC*, 497 F.3d

8    1360, 1374 (Fed. Cir. 2007) (en banc)).  Thus, "[a] patentee who does not attempt to stop an accused

9    infringer's activities in this manner should not be allowed to accrue enhanced damages based solely

10   on the infringer's post-filing conduct." *Id.*  Although courts have recognized some limited exceptions,[3]

11   none appear to apply here.

12             Pacing have not moved for a preliminary injunction.  And for the reasons previously stated,

13   Pacing has failed to sufficiently plead Garmin's *pre*-suit knowledge of the '843 Patent.  Accordingly,

14   the Court finds Pacing's willful infringement claims insufficient to survive Garmin's 12(b)(6) motion.

15   The Court dismisses the willfulness claims with leave to amend.

16                                          **CONCLUSION**

17             For the reasons stated above, Garmin's motion to dismiss is **DENIED** as to Pacing's indirect

18   infringement claim but **GRANTED** with leave to amend as to its willful infringement claim.

19             **IT IS SO ORDERED**.

20

21   DATED: February ___ , 2013

22                                                            HON. ROGER T. BENITEZ
                                                             United States District Judge
23

24

25

26   _____

27        [3] This district has recognized, for example, that a patentee that neither practices its invention
     nor directly competes with the alleged infringer may be excused from the injunction requirement. *See*
28   *Dataquill Limited v. High Tech Computer Corp.*, No. 08-CV-543 IEG (BGS), 2011 WL 6013022, at
     *13 (S.D. Cal. Dec. 1, 2011).