BLANK ROME LLP
Dennis M.P. Ehling (SBN 168892)
Ehling@Blankrome.com
Sridavi Ganesan (SBN 216129)
SGanesan@BlankRome.com
1925 Century Park East, 19th Floor
Los Angeles, CA  90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

BLANK ROME LLP
James T. Smith, Esq.
Victor M. Wigman, Esq.
Brian Wm. Higgins, Esq.
Nicholas M. Nyemah, Esq.
600 New Hampshire Avenue, N.W.
Washington, DC  20037
Telephone:  202.772.5800

Attorneys for Plaintiff
PACING TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACING TECHNOLOGIES, LLC,<br><br>                               Plaintiff,<br><br>vs.<br><br>GARMIN INTERNATIONAL, INC., GARMIN USA, INC. AND GARMIN, LTD.,<br><br>                               Defendants. | Case No. 3:12-cv-01067 BEN (WMc)<br><br>[Assigned to Honorable Roger T. Benitez; Magistrate Judge William McCurine, Jr. ]<br><br>**DECLARATION OF BRIAN WM. HIGGINS IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY**<br><br>*[Notion of Motion; Memorandum of Points and Authorities; and Proposed Order filed concurrently herewith]*<br><br>Complaint Filed:  May 1, 2012<br>Trial Date:  None Set |

138531.00601/95123335v.1

DECLARATION OF BRIAN WM. HIGGINS

3:12-01067 BEN (WMc)

# DECLARATION OF BRIAN WM. HIGGINS

I, Brian Wm. Higgins, declare as follows:

1. I am a partner in the law firm Blank Rome LLP, counsel for Plaintiff Pacing Technologies, LLC ("Pacing") in the above-entitled action. I make this Declaration in support of Pacing's Notice of Motion and Motion to Compel Production and Response to Interrogatories.

2. I have personal knowledge of the facts set forth in this declaration and if called upon to testify under oath, I could and would testify competently thereto.

3. On September 12, 2012, Pacing served its First Set of Request for Production of Documents and First Set of Interrogatories to Defendants Garmin International, Inc. and Garmin USA, Inc. (collectively, "Defendants" or "Garmin"). A true and correct copy of these discovery requests are attached hereto as Exhibit "A" and are incorporated herein by reference. Request No. 7 specifically sought documents relating to "customer use of Garmin Connect web services and Garmin Fit, including a list of all customers (users) of Garmin Connect web services." Similarly, Interrogatory No. 4 specifically asked Defendants to "identify all persons who have used Garmin Connect since the issuance of the patent-in-suit to transfer information stored by Garmin … to any of the Garmin Products."

4. On September 24, 2012, Defendants served their initial disclosures pursuant to Federal Rule of Civil Procedure, but did not produce customer information.

5. On October 15, 2012, Defendants responded to the above discovery requests, but again did not produce customer information. Instead, Defendants' counsel emailed summary information (i.e. total number of users) and composite statistics of users' upload and download activities.

6. On October 19, 2012, I sent Defendants' counsel a letter identifying the deficiencies in the discovery responses and documents produced, including the lack of

Garmin Connect database records. In response, Defendants provided supplemental responses to the discovery requests, but still did not produce customer information. True and correct copy of my letter to Defendants is attached hereto as Exhibits "B", and incorporated herein by reference.

7. On November 13, 2012, I sent another letter to Defendants' counsel identifying the deficiencies in the supplemental responses and noting the failure to produce customer information. Attached hereto as Exhibit "C" and incorporated herein by reference, is a true and correct copy of this letter. In response, on November 14, 2012, Defendants' counsel stated that they were reviewing to see if the information sought by Pacing regarding customer use violates privacy laws.

8. On November 21, 2012, Defendants' counsel agreed to make the Garmin Connect database available for inspection on a stand-alone computer such that it would be treated like source code. I rejected the treatment of the database as source code, but agreed to inspect and copy the database at Defendants' headquarters.

9. On December 14, 2012, during a meet and confer telephone call to discuss the details of the database, Defendants' counsel stated that they could not produce Garmin Connect user names and contact information because it would violate their website's Privacy Policy. Defendants further asked what purpose Pacing needed that information as opposed to the aforementioned summary information. A true and correct copy of an email from Defendants' counsel to me memorializing this meet and confer discussion is attached hereto as Exhibit "D" and incorporated herein by reference.

10. On December 17, 2012, I sent an email to Defendants' counsel explaining that the information sought would be used, for example, to send Garmin Connect users a survey asking certain questions about their purchase of the accused products and use of the Garmin Connect web services. I further explained that these responses would be relevant to proving Pacing's induced infringement claim and

1  damages. A true and correct copy of my email to Defendants' counsel is attached
2  hereto as Exhibit "E" and incorporated herein by reference.

3      11.    On January 4, 2013, during a second meet and confer telephone call, I
4  was allowed to speak with Garmin's Information Technology department
5  representative to further identify the types of information available in the Garmin
6  Connect database. Garmin's representative indicated that the list of users' names and
7  email addresses from Garmin Connect's database could easily be provided in an Excel
8  spreadsheet or comma-separated value file format.

9      12.    On January 11, 2013, I suggested to Defendants' counsel that Defendants
10 provide users' language preference and a latitude/longitude point, which Garmin
11 indicated is information supplied by users, so that Pacing could identify customers in
12 the United States.

13     13.    On January 15, 2013, I received an email from Defendants counsel in
14 which they asserted that the Garmin Connect users' names and email addresses are
15 protected from disclosure pursuant to California privacy laws and federal and state
16 constitutions. Defendants' counsel also asserted that the names and emails are not
17 relevant to the infringement issues in this case and it would be unduly burdensome for
18 Defendants to determine which of its users used accused products. A true and correct
19 copy of this email from Defendants' counsel is attached hereto as Exhibit "F" and
20 incorporated herein by reference.

21     14.    On January 22, 2013, during a third meet and confer conference call, the
22 parties attempted to resolve this discovery dispute, however no resolution was
23 reached.

24     15.    On February 4, 2013, I attended a teleconference with Defendants
25 Counsel and His Honor, Judge McCurine to discuss this discovery dispute. The Court
26 agreed that while Pacing is entitled to conduct a survey, a general consumer survey
27 would be a more appropriate to show "likelihood of confusion".

28 138531.00601/95123335v.1         3

DECLARATION OF BRIAN WM. HIGGINS

3:12-01067 BEN (WMc)

16. Pacing proposes to conduct a survey as follows: First, an email will be sent to the email addresses produced by Garmin, each email using the individual's name (no other customer's name or email address will be visible). The email will invite certain individuals to voluntarily respond to a survey, which will be available via a link embedded in the email. If an email recipient chooses to participate, they would click on the link. At that point, a website would then be displayed on the user's device using the user's browser software. After providing their responses, the user would then click a "Submit" button, and the survey would be concluded.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of February, 2013, at Washington D.C.

\s\ Brian Wm. Higgins
Brian Wm. Higgins

138531.00601/95123335v.1                                    4
DECLARATION OF BRIAN WM. HIGGINS
3:12-01067 BEN (WMc)