**ERISE IP, P.A.**
Megan J. Redmond (*admitted pro hac vice*)
Adam P. Seitz (*admitted pro hac vice*)
Caroline A. Bader (*admitted pro hac vice*)
6201 College Blvd., Suite 300
Overland Park, KS  66211
Phone: (913) 777-5600
Fax: (913) 777-5601
megan.redmond@eriseip.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Nicholas Groombridge (*admitted pro hac vice*)
Jennifer H. Wu (*admitted pro hac vice*)
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990
ngroombridge@paulweiss.com

**CALDARELLI HEJMANOWSKI & PAGE LLP**
William J. Caldarelli (SBN #149573)
Marisa Janine-Page (SBN #199316)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Telephone: (858) 720-8080
Facsimile: (858) 720-6680
mjp@chplawfirm.com

Attorneys for Defendants Garmin International, Inc. and
Garmin USA, Inc.

**[REDACTED]  GARMIN'S  OPPOSITION  TO  PACING'S  MOTION  TO COMPEL**                                              Case No. 3:12-cv-1067-BEN-WMC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PACING TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>GARMIN INTERNATIONAL, INC. AND GARMIN USA, INC.,<br><br>Defendants. | Case No. 3:12-cv-1067 BEN JMA<br><br>**[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSE TO INTERROGATORY** |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................... 1

STATEMENT OF FACTS .................................................................................. 2

   A. The Parties ............................................................................................. 2

   B. Pacing's Infringement Contentions ........................................................ 3

   C. The Discovery Dispute .......................................................................... 4

ARGUMENT ....................................................................................................... 5

   I. The Garmin Connect Names and Email Addresses Are Irrelevant To Patent Infringement, And Protected by Consumer Privacy Rights ......... 5

   II. Pacing's Desire To Conduct A Survey Does Not Justify Disclosure Of Consumer's Private Information .......................................................... 11

CONCLUSION .................................................................................................. 13

i

**[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL**     Case No. 3:12-cv-1067-BEN-WMC

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Board of Trustees v. Superior Court,*
    174 Cal. Rptr. 160 (Cal. Ct. App. 1981) ...................................................... 7, 8

*Crane Plastics Co. v. Louisiana-Pacific Corp.,*
    119 F. Supp. 2d 749 (S.D. Ohio 2000) ......................................................... 12

*Echostar Satellite LLC v. Freetech Inc.,*
    No. C 07-6124 JW (RS), 2008 WL 4460236
    (N.D. Cal Sept. 29, 2008) ......................................................... 2, 10, 11, 13

*Groce v. Claudat,*
    No. 09-cv-01630-BTM (WMc), 2012 WL 1831574
    (S.D. Cal. May 18, 2012) .................................................................. 1, 12, 13

*i4i Ltd. P'ship v. Microsoft Corp.,*
    598 F.3d 831 (Fed. Cir. 2010) ...................................................................... 12

*Kilopass Tech. Inc. v. Sidense Corp.,*
    No. C 10-02066 (SI), 2012 WL 1144290 (N.D. Cal April 4, 2012) .......... 12

*Life Techs. Corp. v. Superior Court,*
    130 Cal. Rptr. 3d 80 (Cal. Ct. App. 2011) ............................................*passim*

*Microsoft Corp. v. AT&T Corp.,*
    550 U.S. 437 (2007) ....................................................................................... 9

*Morales v. Superior Court,*
    160 Cal. Rptr. 194 (Cal. Ct. App. 1979)........................................................ 9

*Pioneer Electronics v. Superior Court,*
    150 P.3d 198 (Cal. 2007).................................................................... 5, 6, 10

*Ropak Corp. v. Plastican, Inc.,*
    No. 04 C 5422 (MV), 2006 WL 1005406 (N.D. Ill. April 17, 2006) ......... 12

## TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

*Seattle Times Co. v. Rhinehart,*
    467 U.S. 20 (1984) .................................................................................. 10, 13

*Tama Plastic Industry v. Pritchett Twine & Net Wrap, LLC,*
    No. 8:12CV324 (CZ), 2013 WL 275013 (D. Neb. Jan. 24, 2013) ............. 12

*Wilkinson v. Times Mirror Corp.,*
    264 Cal. Rptr. 194 (Cal. Ct. App. 1989) ...................................................... 8

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.,*
    19 F.3d 1418 (Fed. Cir. 1994) ..................................................................... 8

**STATUTES**

Cal. Civil Code § 1798.1 ................................................................................ 8

Cal. Civil Code § 1798.81.5 ....................................................................... 5, 8

**OTHER AUTHORITIES**

ASSEMBLY COMM. ON JUDICIARY, HEARING ON A.B. 1950 (Wiggins),
    2004 REG. SESS. (Cal. 2004) ....................................................................... 8

Cal. Const. art. 1, § 1 ...................................................................................... 5

Fed. R. Civ. P. 26 ......................................................................................... 10

# INTRODUCTION

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████ Nevertheless, Pacing contends that it needs the names and email addresses of all Garmin Connect users to prove direct infringement. Pacing's argument fails because the names and email addresses are not relevant to patent infringement and are protected by the consumer privacy rights of the California Constitution. *See Groce v. Claudat*, No. 09-cv-01630-BTM (WMc), 2012 WL 1831574, at *4 (S.D. Cal. May 18, 2012) (imposing discovery limits on subpoenas or communications with Defendant's service providers where the information is not being sought for a legitimate purpose, and the disclosure will violate a privacy interest).

First, the activities of Garmin Connect users—and not their identities—are relevant to Pacing's induced infringement claim. Infringement involves a comparison of the asserted claims with the accused systems, not the names or email addresses of Garmin Connect users. Even under Pacing's theory, the vast majority of Garmin Connect users are not direct infringers, *e.g.,* users who do not download cadence data, users who do not own an accused fitness device, and users outside the United States.

Second, Pacing's desire to conduct a survey does not outweigh a consumer's right to privacy and Garmin's obligation to protect the private information of its consumers. The Court recognized the importance that California places on protecting consumer's privacy rights in the telephonic

---

████████████████████████████████████████
████████████████████████████████████████

1

**[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL**   Case No. 3:12-cv-1067-BEN-WMC

discovery conference when the Court pointed out that Pacing is free to use public information to conduct a survey. There are also alternative, less invasive means by which to provide the quantifiable and relevant data from Garmin Connect, and Garmin has offered such means to Pacing, *e.g.,* summary activity logs from Garmin Connect. Pacing itself recognized that summary data would be sufficient when, five days after filing its motion to compel, Pacing asked for such information in an interrogatory. Wu Decl. Ex. 1 (2/20/13 Pacing Interrogatory).

[REDACTED]

Garmin respectfully requests that the Court deny Pacing's motion to compel and grant a protective order as to Garmin consumers' private information.

## STATEMENT OF FACTS

### A.     The Parties

Garmin is the undisputed market leader in global positioning systems (GPS) technology and has revolutionized the field of personal navigation devices. Garmin Connect is a web-based application that allows individual users in California, and throughout the world, to record personal information in order to track their fitness goals and achievements. ███████████████████████ ███████████████████████████████████████████████████ Beyond their name and email addresses, which are required for registration, Garmin Connect users voluntarily choose what (if any) information they submit to Garmin Connect and what (if any) of that information may be publicly shared.

Pacing markets one product: the PaceDJ application for smartphone platforms, launched in July 2011. PaceDJ helps users find music for their workouts by selecting a similarly paced song and/or changing the tempo of the song to match the target pace. Pacing accuses Garmin of infringing the '843 patent, which covers PaceDJ. Dkt. No. 1. The '843 patent discloses a "system and method that allows users to customize audible and visible signals, such as music or video, to maintain a pre-determined or specified pace or to achieve a new pace in repetitive motion activities such as, but not limited to, running, walking, swimming, cycling, aerobics, and the like." '843 patent, Abstract.

### B.     Pacing's Infringement Contentions

Pacing's Infringement Contentions assert that Garmin indirectly infringes claims 22, 23, 25, 26, 27, 28, 32, and 33 of the '843 patent by transferring or downloading information from Garmin Connect to an accused device. In particular, Garmin specifically encourages and instructs its customers (1) to use "the Garmin Connect website to create and/or edit workout information, the workout information including cadence type information related to an activity

3

selected by the customer, such as walking, running, or cycling," and (2) to use "the Garmin-supplied communications devices, such as the USB ANT+ Stick or USB cable, and one or more of the [accused] Garmin products to <u>transfer the workout information from the Garmin Connect website to one of those devices</u>, such as a Garmin Forerunner, Swim, and/or Edge device, such that the workout information is stored on the device and used for pacing and other purposes." Wu Decl. Ex. 2 at 12 (9/21/12 Pacing Infringement Contentions) (emphasis added).

[REDACTED] During claim construction discussions, Pacing attempted to pursue a new theory that any accused device capable of downloading information would infringe the patent. Garmin disagrees with Pacing's new position that hypothetical use of the accused products is an infringement. The patent requires <u>actual</u> use.

### C. The Discovery Dispute

Pacing correctly states that the parties met and conferred three times (on December 14, December 21, and January 22), regarding Garmin Connect and failed to reach agreement. However, Pacing omits a fourth conference call on the day after Thanksgiving (November 23) in which Garmin offered to make the database available for inspection so long as Pacing did not disclose or use the

---

[2] This assumes that every user who has created a workout with cadence data actually downloads this information to the device.

**[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL**           Case No. 3:12-cv-1067-BEN-WMC

1 personal and private information of Garmin's consumers. ▮▮▮
2 ▮▮▮
3 ▮▮▮ Garmin also permitted a team of two Pacing
4 attorneys and three technical advisors to ask Ron Honeyman, Software
5 Engineering Team Leader for Garmin Connect, questions about the database in a
6 one hour teleconference.  Mr. Honeyman answered questions about virtually all
7 the fields in the Garmin Connect database on the teleconference and also
8 answered additional questions from Pacing counsel by email on January 23, 2013.

## ARGUMENT

**I.     The Garmin Connect Names And Email Addresses Are Irrelevant
       To Patent Infringement, And Protected By Consumer Privacy Rights**

▮▮▮
▮▮▮
▮▮▮
▮▮▮ The California constitution protects the privacy rights of individuals from unwarranted intrusion. *See* Cal. Const. Art. 1, § 1 ("All people are by nature free and independent and have inalienable rights, [including] privacy"); *see also* Cal. Civil Code § 1798.81.5(a) ("A business that owns or licenses personal information about a California resident shall implement and maintain reasonable security procedures and practices . . . to protect the personal information from unauthorized access, destruction, use, modification, or disclosure").

Courts have long preserved the third-party privacy protections imbued in the California Constitution when resolving litigant discovery disputes. "While it is very broad, the right to discovery is not absolute, particularly where issues of privacy are involved. The right of privacy in the California Constitution "protects

1  the individual's reasonable expectation of privacy against a serious invasion."
2  *Pioneer Electronics, Inc. v. Superior Court*, 150 P.3d 198, 204 (Cal. 2007).
3  Whether intrusion on consumer privacy rights is warranted requires careful
4  evaluation of the privacy right asserted, the magnitude of the imposition on that
5  right, and the interests militating for and against any intrusion on privacy.  *Id*.
6  Further, the balance will favor privacy for third-party confidential information
7  "unless the litigant can show a compelling need for the particular documents and
8  that the information cannot reasonably be obtained through depositions or from
9  nonconfidential sources."  *Life Techs. Corp. v. Superior Court,* 130 Cal. Rptr. 3d
10 80, 89 (Cal. Ct. App. 2011).

11      Here, Pacing seeks to discover the names and email addresses of "all
12 customers (users) of Garmin Connect web services."  Wu Decl. Ex. 4 at 4-5
13 (9/12/12 Pacing's First Set of Requests for Production). [REDACTED]

14-27 [REDACTED]

28

6

[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL                                                        Case No. 3:12-cv-1067-BEN-WMC

1 ██████████████████████████
2 ███████████████
3     █████████████████████
4 ██████████████████████████
5 ██████████████████████████
6 ██████████████████████████
7 ██████████████████████████
8 ████████████   ███████████
9 ██████████  ██████████████
10 ██████████████████████████
11 ██████████████████████████
12 ██████████████████████████
13 ██████████████████████████
14 ██████████████████████
15   ████████████████████████
16 ██████████████████████████
17 ██████████████████████████
18 ██████████████████████████
19 ██████████████████████████
20 ██████████████████████████
21 ██████████████████████████
22 ██████████████████████████
23 ██████████ In these circumstances, the public interest in preserving third-party privacy rights outweighs Pacing's interest in obtaining that information. *See Board of Trustees v. Superior Court*, 174 Cal. Rptr. 160, 167 (Cal. Ct. App. 1981); *Life Techs.,* 130 Cal. Rptr. 3d at 90 (names, addresses, and telephone numbers protected from discovery).

7

**[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL**         **Case No. 3:12-cv-1067-BEN-WMC**

Requiring disclosure of the names and email addresses would mean that customers who share information online with a business could be contacted by opposing counsel whenever that business is sued for patent infringement, regardless of whether the customer actually used or purchased an accused product. This cannot be the law.[4] Consumers have a right to protect their personal information, particularly where it has no relevance to the issues in the case.

Pacing narrowly interprets the California Constitution to assert that it does not protect Garmin Connect customer information. Pacing Br. 8. But the only case that Pacing cites has nothing to do with customer information. *See Wilkinson v. Times Mirror Corp.*, 264 Cal. Rptr. 194, 196 (Cal. Ct. App. 1989). Rather, it deals with whether job applicants could be required to take a drug test as a condition of employment. Further, contrary to Pacing's assertion (Pacing Br. 8-9), private information is not limited to social security numbers, driver licenses, and medical information. *See Board of Trustees*, 174 Cal. Rptr. at 166 (third party individuals deserve the "protection" of not having their "names, addresses and phone numbers" divulged); *Life Techs.*, 130 Cal. Rptr. 3d at 86, 92 (setting aside the Superior Court's order granting plaintiff's motion to compel the identities, "including name, address and telephone number," of former employees).

**Second,** the names and email addresses of Garmin Connect users are irrelevant to Pacing's proving its patent infringement claim. Infringement is determined by comparing the patent claims to the accused product. *See Zenith*

---

[4] The California statutes demonstrate the California Legislature's commitment and intent to afford consumers the maximum privacy protections of their "personal information" including their name, address, signature, physical characteristics or description, telephone number, and other financial, medical, health, and personal information. *See, e.g.,* California Civil Code Sections 1798.1 & 1798.81.5; *see also* ASSEMBLY COMM. ON JUDICIARY, HEARING ON A.B. 1950 (Wiggins), 2004 REG. SESS. (Cal. 2004) (describing the Legislature's intent to "safeguard personal information collected by businesses").

*Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994). Here, Pacing asserts that Garmin induces infringement of the asserted claims by encouraging Garmin Connect users to download cadence data to the accused fitness devices. Wu Decl. Ex. 2 at 12 (9/21/12 Pacing Infringement Contentions).

Further, most Garmin Connect users cannot be direct infringers under Pacing's theory. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Nevertheless, Pacing asserts that it needs the contact information of all Garmin Connect users to establish "Garmin's customers direct infringement of the patent-at-suit." Pacing Br. at 5-6. But what matters for infringement is the <u>functionality</u> of the accused system, not the identity of Garmin consumers. Nor does the knowledge of Garmin Connect users add anything beyond what Garmin has already produced and allowed Pacing to inspect. If what Pacing seeks is the quantity of consumers who have used cadence data on Garmin Connect, Garmin has already offered to produce summary activity logs with that information.[5]

Even where the information may be relevant, courts prohibit the discovery of third-parties' identities and contact information in the interest of third-party privacy. *See, e.g., Morales v. Superior Court*, 160 Cal. Rptr. 194 (Cal. Ct. App. 1979) (denying discovery of names, addresses, and telephone numbers). *Life Technologies* is instructive. 130 Cal. Rptr. 3d at 90. In that case, the California

---

[5] Nor does Pacing's new infringement theory provide a hook for Pacing to seek discovery of Garmin Connect names and email addresses. Under Pacing's new theory, what matters for infringement is the capability of the device and not the activities or the identities of Garmin Connect consumers.

9

**[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL**   Case No. 3:12-cv-1067-BEN-WMC

1  Court of Appeals protected the private and confidential information of third-
2  parties from disclosure where there was "nothing in the record" explaining why
3  the plaintiff "needs data of the breadth he seeks" and he could have obtained the
4  "necessary raw data from [defendant] in a form that would not disclose individual-
5  specific, confidential information." *Id.*  The same is true here.

6  Pacing seizes upon language in Rule 26(b) to assert that Garmin is required
7  to produce the names and email addresses of its customers.  But the Rule does not
8  mandate production of customer names and email addresses in every case as
9  Pacing would lead this Court to believe.  In fact, the Rule is permissive and only
10 applies to discovery that is relevant to the subject matter of the case: "Parties <u>may</u>
11 obtain discovery regarding any nonprivileged matter that is relevant to any party's
12 claim or defense." Fed. R. Civ. P. 26(b)(1)  (emphasis added); *see also Seattle*
13 *Times Co. v. Rhinehart,* 467 U.S. 20, 30 (1984) (Rule 26(b)(1) "expressly limits"
14 the information sought to relevant information).  Further, the Rule's provision for
15 production of the "identity and location of persons who know of any discoverable
16 matter" applies where individual identities are relevant to the merits of the case.
17 *Id.*  Where, as here, Pacing's proposed discovery of names and email addresses is
18 not relevant to its inducement claim and Garmin has already produced information
19 regarding the requested user activities, Garmin is not required to produce such
20 information. *See id; Echostar*, 2008 WL 4460236, at *3.

21 ***Third,*** Garmin has a genuine concern that Pacing seeks Garmin's customer
22 list to engage in "abusive conduct, or otherwise misuse the information it sought"
23 by entangling Garmin's customers into their infringement arguments.  *Pioneer*,
24 150 P.3d at 205. ████████████████████
25 ████████████████████████████████████████
26 ████████████████████████████████████████
27 ████████████████████████████████████████

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
██████████████████████  Pacing should not be permitted to take actions that "lead to the perceived harassment of legitimate users and a concomitant chilling effect on the purchase and lawful use" of Garmin Connect and Garmin products. *Echostar*, 2008 WL 4460236, at *2.[6]

## II. Pacing's Desire To Conduct A Survey Does Not Justify Disclosure Of Consumer's Private Information

Pacing says that its motion is "not just about surveys." Pacing Br. at 1. But the only use that Pacing identifies for the Garmin Connect names and email addresses is conducting a survey regarding how Garmin customers use the accused devices. *Id.* at 6-7. Pacing also devotes two pages of its brief to why surveys are the "best approach to efficiently gathering evidence of induced infringement." *Id.* at 10-12. Pacing, however, refuses to tell Garmin the survey questions and whether Pacing would even use the survey as evidence in this case.

Even if the survey were directed at relevant information, the availability of "alternative sources of information must be weighed against the markedly intrusive use of the contact information that [Pacing] intends to pursue." *Echostar,* 2008 WL 4460236, at *2. This Court recognized in the telephonic discovery conference that Pacing may conduct a survey by using publicly available information. Pacing also "has the ability to seek the discovery of

---

[6] The fact that the property right asserted in *Echostar* was a copyright rather than a patent does not change the analysis that an alleged infringement does not justify invading consumer's private information. 2008 WL 4460236, at *1-3. *Echostar* also rejects Pacing's suggestion that actual evidence of customer harassment is required. *Id.* at *2 (relying on possibility of harassment to grant protective order).

11
**[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL**                                Case No. 3:12-cv-1067-BEN-WMC

marketing materials and [accused product] software," or to use experts to examine the use of the accused products. *Id*.  Pacing now complains that finding Garmin Connect users for a survey would be like "looking for needles in a haystack." Pacing Br. at 11.  But the law does not permit Pacing to go on a fishing expedition of Garmin's customers simply because Pacing thinks it would be difficult to find survey participants.  *See Groce,* 2012 WL 1831574, at *4.  ███████████

███████████████████████████████████

██████████████████████████████[7]

Finally, Pacing asserts that its motion should be granted because Pacing will otherwise subpoena Garmin Connect users.  Pacing Br. at 11.  The threat of subpoenas does not justify granting a motion to compel discovery of private consumer information.  Moreover, as noted in the Parties' Joint Neutral Statement of the Dispute, Garmin sought a protective order of its consumers' private information and Pacing sought to compel production Garmin Connect users' names and email addresses.  Garmin was content with the Court's initial determination during its telephonic hearing with the parties but Pacing elected to

---

[7] Pacing relies on a slew of inapposite cases, none of which apply here. *See i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 855-56 (Fed. Cir. 2010) (business surveys may be relevant to calculating damages); *Tama Plastic Industries v. Pritchett Twine & Net Wrap, LLC.,* No. 8:12CV324 (CZ), 2013 U.S. Dist. LEXIS 9607, at *12-13 n.4, *19 (D. Neb. Jan. 24, 2013) (customer lists produced to prove market share erosion only after plaintiff represented that it would not contact any of the defendant's customers); *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 (SI), 2012 U.S. Dist. LEXIS 47865, at *15-17 (N.D. Cal. April 4, 2012) (*in camera* review of "communications between Sidense and its customers regarding the patents-in-suit and the instant lawsuit"); *Ropak Corp. et al. v. Plastican, Inc.*, No. 04 C 5422 (MV), 2006 U.S. Dist. LEXIS 19912, at *7-8 (N.D. Ill. April 17, 2006) (customer lists produced for lost profit damages); *Crane Plastics Co.v. Louisiana-Pacific Corp.,* 119 F. Supp. 2d 749, 750, 753-754 (S.D. Ohio 2000) (customer marketing information produced for damages).

1  brief the matter. Garmin respectfully requests the Court deny this motion and
2  issue the requested protective order and/or impose limits on Plaintiff's discovery
3  requests to protect Garmin Connect consumers' privacy and Garmin's business
4  relations; and to avoid further motion practice on this issue through Pacing's
5  threatened circumvention of the Court's holding on this motion. Fed. R. Civ. P.
6  26(b)(c) (this Court may impose discovery limits or issue a protective order to
7  protect a party "from annoyance, embarrassment, oppression, or undue burden or
8  expense"); *see also Seattle Times*, 467 U.S. at 36; *Groce*, 2012 WL 1831574, at
9  *4. The names and emails addresses are irrelevant and private, and Garmin would
10 oppose Pacing's subpoenas for the same reasons that are stated here, particularly
11 as such subpoenas may interfere with Garmin's business by scaring away
12 customers. *See Echostar*, 2008 WL 4460236, at *1-3. Accordingly, Garmin
13 respectfully requests the court limit Plaintiffs' discovery requests, such that
14 Plaintiff may not serve or attempt to serve any subpoenas on or send letters to any
15 Garmin Connect user without prior approval of the Court.

## **CONCLUSION**

For the foregoing reasons, Garmin respectfully requests that this Court deny Pacing's motion to compel production and grant a protective order to protect the disclosure of the private information of Garmin Connect consumers.

Dated:  February 27, 2013

CALDARELLI HEJMANOWSKI & PAGE LLP

By: */s/ Marisa Janine-Page*

William J. Caldarelli (SBN #149573)
Marisa Janine-Page (SBN #199316)
CALDARELLI HEJMANOWSKI & PAGE LLP

Nicholas Groombridge (*pro hac vice*)
Jennifer H. Wu (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Megan J. Redmond (*pro hac vice*)
Adam P. Seitz (*pro hac vice*)
Caroline A. Bader (*pro hac vice*)
ERISE IP, P.A.

*Attorneys for Defendants
Garmin International, Inc., and
Garmin USA, Inc.*

14

**[REDACTED] GARMIN'S OPPOSITION TO PACING'S MOTION TO COMPEL**              Case No. 3:12-cv-1067-BEN-WMC