UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACING TECHNOLOGIES, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GARMIN INTERNATIONAL, INC.<br>AND GARMIN, USA, INC.,<br><br>　　　　Defendants. | Case No. 12-CV-1067 BEN (WMc)<br><br>**ORDER: (1) GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO COMPEL; AND (2) GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>[ECF Nos. 62, 69 and 81.] |

## I. INTRODUCTION

On February 4, 2013, the Court held a telephonic discovery conference in the above-entitled matter. [ECF No. 53.] At the teleconference, the Court heard from counsel of record regarding the discovery impasse reached by the parties concerning Plaintiff's request for the Defendants' customer contact information in order to conduct a survey on the purchase and use of Defendants' products and web services.

The Court granted Plaintiff's request for briefing on the issue of whether Defendants' customer contact information is discoverable or privileged in this patent infringement action where claims of direct and induced infringement are at issue. Plaintiff's motion to compel production was filed on February 15, 2013. [ECF No. 62.] Defendants' opposition brief was filed on February 27, 2013 [ECF No. 69] and Plaintiff's filed a reply brief on March 8, 2013. [ECF No. 81.] The parties requested

an extension of the hearing date in this matter, which was granted. [ECF No. 87.] On June 27, 2013, the Court held oral argument. Brian Higgins, Esq., appeared for Plaintiff. Nicholas Groombridge, Esq., appeared for Defendant. **The hearing was placed on the record and the Court issued an oral ruling which is HEREBY incorporated in this Order its entirety.** After hearing from the attorneys of record and with careful consideration of the parties' briefs, declarations and exhibits in support, the Court **GRANTS IN PART, DENIES IN PART** Plaintiff's motion to compel and **GRANTS IN PART, DENIES IN PART** Defendants' motion for protective order.

## II. ARGUMENTS

### A.     Plaintiff's Argument

#### 1. Background - PaceDJ

PaceDJ is an application for smartphone platforms which allows users to find music with a tempo that matches the pace of a users' workout. Plaintiff alleges Defendants infringed its patent by providing its customers with the Garmin Connect website where they can enter workout information including cadence type information and thereafter download workout or cadence data to various Garmin devices for pacing or other purposes.

#### 2. Motion to Compel

Plaintiff argues it is entitled under Rule 26(b) of the Federal Rules of Civil Procedure to discover the user names and email addresses of Defendants' customers so that it may collect facts in support of its infringement claims. Specifically, Plaintiff argues Defendants' customers know which accused products they purchased and in what manner they used Defendants' web-based services (Garmin Connect). Consequently, Plaintiff argues such information, which is not tracked by Defendants and available only through interaction with the customers themselves, is relevant to Plaintiff's need to show Defendants' customers infringed Plaintiff's patent under 35 § U.S.C. 271(b). [ECF No. 62.]

Plaintiff contends its request for contact information is narrowly tailored to reduce intrusion as it seeks only the names and email addresses of Garmin Connect users located in the United States. [ECF No. 81.] Furthermore, Plaintiff underscores the fact that it seeks customer contact information only in order to email *one* survey, which will be denoted *optional*, to customers who use or have purchased Defendants' accused products. Plaintiff argues these customers know the relevant facts of their own direct infringement as well as facts bearing on induced infringement that are available nowhere else.

As an alternative to the method whereby Plaintiff receives the user names and email addresses and uses its own resources to send the proposed survey to Defendants' customers, Plaintiff offers to allow Defendants to disseminate its optional survey on its behalf, thereby eliminating Defendants' concerns about invasion of privacy and loss of goodwill. [ECF No. 81.] Plaintiff does not, however, wish to allow Defendants to view the questions in the email survey before it is sent to customers.

**B.     Defendants' Argument**

**1. Background: The Garmin Connect Database**

Defendants market global positioning technology, including personal navigation devices. Defendants' customers have the ability to utilize a web-based application called Garmin Connect which allows them to enter personal workout information online and thereafter track their fitness goals using the tools of the application. In order to register for Garmin Connect, customers are required to provide their name and email address; however, the customer is left to decide what workout information they choose to share through the Garmin Connect application. [ECF No. 81.]

///

///

///

**2. Motion for Protective Order**

Defendants seek a protective order barring Plaintiff's access to their customer contact information and preventing the dissemination of a survey to their customers. Defendants contend their customer information is protected under the California state constitution's right to privacy. Cal. Const. Art. 1 § 1. Specifically, Defendants argue Plaintiff's request for all customer contact information is overbroad because in order to comply with the request, Garmin would need to reveal the names and email addresses for all 3.5 million of its customers who use the Garmin Connect database; Defendants do not categorize the information they collect from customers on a country-wide basis. Moreover, Defendants argue that from an analysis of the summary information it does collect, only a small percentage of its customers have created workouts containing cadence data. Consequently, Defendants argue their customers' privacy rights outweigh Plaintiff's interest in receiving contact information to conduct a survey regarding product usage. [ECF No. 81.]

As further support for its motion for protective order, Defendants argue the names and email addresses of its customers are irrelevant to Plaintiff's patent infringement claim because the functionality of the accused product is the focus of patent infringement. Defendants claim its customers have no further facts to add to information Plaintiff has already been given in discovery. (Defendants state they do not keep track of which fitness devices users purchase or which fitness devices customers use to download workouts with cadence data.) Defendants contend the privacy of its 3.5 million users should not be compromised when less invasive measures like using summary activity logs or public information are available to Plaintiff. [ECF No. 81.]

Finally, Defendants surmise its customers would feel harassed by, or take offense to, Plaintiff's proposed email survey which could cause a loss of goodwill among its customers or create a chilling effect on business; they urge the Court to deny Plaintiff's request on this additional basis. [ECF No. 81.]

**III.  STANDARD OF REVIEW**

Jurisdiction in this patent infringement action is based upon the existence of a federal question. Accordingly, the federal common law of privilege applies to the instant discovery dispute. F.R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989); *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519, fn. 6 (9th Cir.1987). Defendants assert the consumer privacy rights afforded by the California state constitution protect their customers' contact information, however, "[s]tate privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts ..." *Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D.Cal.1987). Nevertheless, the Court should take into account state privileges as a matter of comity where it can do so "at no substantial costs to federal substantive and procedural policy." *Leon v. County of San Diego*, 202 F.R.D. 631, 635 (S.D.Cal.2001). The Court has reviewed the California state and federal privacy privileges and has not found them to be inconsistent.

For purposes of the Court's analysis, it is important to note the California right to privacy "is not an absolute right, but a right subject to invasion depending upon the circumstances. Moreover, courts have frequently found that a party's need for the information may outweigh whatever privacy rights, if any, another party may have. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D.Cal.1998) (citations omitted).

Federal courts also recognize a right of privacy that can be raised in response to discovery requests. *Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants). Similar to California state law, resolution of a privacy objection under federal law requires a balancing of the need for the particular information against the privacy right asserted. *Cook v. Yellow Freight System, Inc.*, 132 F.R.D. 548, 550-551 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case.)

## IV. DISCUSSION

Rule 26(b) of the Federal Rules of Civil Procedure provides any party may obtain discovery on any matter relevant to a party's claim or defense. Further, "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ. P. 26(b). Here, Defendants' customers have information that is relevant, as well as likely to lead to the discovery of admissible evidence with respect to Plaintiff's direct and indirect infringement claims because a portion of Defendants' customers may be direct infringers of Pacing's '843 patent; they have transferred or downloaded cadence data from the Garmin Connect website to an accused device. Defendants have stated they do not keep track of which fitness devices users purchase or which fitness devices customers use to download workouts with cadence data. Consequently, Plaintiff's only available source for relevant information on how the accused products were used in connection with Garmin Connect is the customer herself. Under both federal and California law, Plaintiff's need weighs in favor of conducting a survey because the facts Defendants' customers have about device usage are unavailable elsewhere.

Plaintiff indicates it is only interested in Defendants' United-States-based customers and Defendants have indicated they are able to cull their customer list based on location and language preferences. Accordingly, in order to reduce needless contact with customers outside the scope of this litigation, the Court orders Defendants to identify those users who are located in the continental United States and have chosen English as their primary language so that they may be surveyed.

Defendants have raised a concern that its customers may feel harassed by Plaintiff's proposed survey. There is no factual basis, however, to support this argument. Defendants have not provided any evidence that Plaintiff's counsel has or will conduct themselves unprofessionally during the survey process. In addition, the Court is not persuaded solely by the argument that customers will be outraged by the

receipt of one optional email survey. In today's world, consumers are not surprised to receive email messages, offers and surveys. Indeed, Defendants send email correspondence to those of its customers who state they are interested in company communications. Nevertheless, to strike a balance between Plaintiff's need and Defendants' concerns, and in light of the email contact Defendants have already established with their customer base, the Court will allow Defendants to disseminate Plaintiff's survey via Defendants' email distribution system. This approach protects the privacy of Defendants' customer information and reduces the potential for ill will at receiving unwanted email while allowing Plaintiff access to the discovery it needs. *Of course, the email survey will be optional and shall be sent only to Defendants' customers in the continental United States who have identified English as their preferred language. Of that group, the email will be sent to 50% of the group randomly selected. Defendants have agreed it will not argue such a group is statistically insignificant or that such a group is not an appropriate representative sampling.* **Thus, the Court ORDERS counsel to meet-and-confer regarding the content of Plaintiff's proposed survey.** The survey shall consist of no more than 12 questions and must be lodged with the Court for its review and approval in accordance with the following schedule:

1. Plaintiff shall provide Defendant with a draft survey **no later than July 10, 2013;**
2. Defendants shall provide Plaintiff with its responses regarding the draft survey **no later than July 22, 2013**; and
3. The parties shall lodge the proposed survey questions with the Court at efile_mccurine@casd.uscourts.gov **on or before July 30, 2013.** The Court will hold a telephonic status conference on **August 1, 2013 at 1:45 p.m.**

///
///
///

## V. CONCLUSION AND ORDER THEREON

As detailed above, a survey of Defendants' customers will lead to the discovery of admissible evidence under Rule 26(b) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's motion to compel is **GRANTED IN PART as detailed above. Defendant's motion for protective order is GRANTED IN PART and DENIED IN PART as explained above.**

**IT IS SO ORDERED.**

DATED: June 28, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court