BLANK ROME LLP
Dennis M.P. Ehling (SBN 168892)
Ehling@Blankrome.com
Sridavi Ganesan (SBN 216129)
SGanesan@BlankRome.com
1925 Century Park East, 19th Floor
Los Angeles, CA  90067
Telephone:  424.239.3400
Facsimile:  424.239.3434

BLANK ROME LLP
Victor M. Wigman, Esq.
Charles R. Wolfe, Jr. Esq.
Brian Wm. Higgins, Esq.
Nicholas M. Nyemah, Esq.
600 New Hampshire Avenue, N.W.
Washington, DC  20037
Telephone:  202.772.5800

BLANK ROME LLP
James T. Smith, Esq.
130 North 18th Street
Philadelphia, PA 19103
Telephone:  215.569.5500

Attorneys for Plaintiff
PACING TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACING TECHNOLOGIES, LLC,<br><br>                              Plaintiff,<br><br>vs.<br><br>GARMIN INTERNATIONAL, INC. AND GARMIN USA, INC.,<br><br>                              Defendants. | Case No. 3:12-cv-01067 BEN (WMc)<br><br>[Assigned to Honorable Roger T. Benitez; Magistrate Judge William McCurine, Jr.,]<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRIVILEGED DOCUMENTS**<br><br>Complaint Filed:  May 1, 2012<br><br>Trial Date:  None Set |

1

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRIVILEGED DOCUMENTS**

The entire reason Garmin filed its motion to compel the withheld documents is that it hopes to find support for its completely unfounded supposition that Mr. Turner is improperly identified as the sole inventor on the '843 Patent, an issue it **never** raised in its invalidity contentions.[1]  Specifically, Garmin speculates that the withheld documents **could** reveal "that Mr. Turner did not conceive of the invention himself," "whether Mr. Turner or someone else came up with the invention," "whether Mr. Turner's attorneys at Blank Rome suggested that Mr. Turner add particular subject matter to his patent application," "that Mr. Turner derived his invention from third parties." [ECF No. 107 at 10-11].  Garmin's motion is no more than an eleventh-hour fishing expedition.

Notably, Garmin fails to cite Mr. Turner's deposition testimony about his role in the conception of the subject matter at issue, which was corroborated by his attorney's deposition testimony just a few days ago:



Dep. Trans. of W. Turner, Aug. 16, 2013, Ex. A at 104.

---

[1] Garmin has amended its invalidity contentions twice during the course of this litigation (notably without seeking leave of court, as required under the rules), and at no time did it raise inventorship or "derivation" as a basis for invalidity.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRIVILEGED DOCUMENTS**

Case No. 12-cv-01067-BEN-WMC

138531.00601/95150180v.1

Q 

A

Dep. Trans. of B. Higgins, Aug. 22, 2013, Ex. B at 18.

Clearly, if Garmin is hoping to find that Mr. Turner did not himself come up with the ideas in his patent, it will not find such evidence in the testimony of Mr. Turner and Mr. Higgins, the two people closest to the preparation of the patent application. Nor will Garmin find such evidence in the documents the court is currently examining *in camera*, or anywhere else, because no such evidence exists.

Under Fed. R. Evid. 502(a), when a disclosure is made that waives the attorney-client privilege, the waiver extends to an undisclosed communication only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications concern the same subject matter; and (3) they ought in fairness be considered together.

In the present case, Pacing intentionally disclosed attorney-client communications that took place between August 4 and October 6, 2005.[2] The subject matter of those communications related exclusively to Mr. Turner and his attorneys' review and revision of draft applications, and Pacing produced those communications for the **sole purpose** of establishing Mr. Turner's reasonable diligence in reducing his invention to practice after August 4, 2005. **None of the withheld documents Garmin seeks relate to the review and revision of draft applications or to Mr. Turner's reasonable diligence after August 4, 2005.**

---

[2] Pacing also disclosed draft patent applications, however Garmin has made clear that it does not rely on Pacing's disclosure of those draft applications to support its motion. Garmin's Motion to Compel Privileged Documents [ECF No. 107 at 2.]

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRIVILEGED DOCUMENTS**

Case No. 12-cv-01067-BEN-WMC

138531.00601/95150180v.1

Furthermore, even if the withheld documents did relate to such subject matter, fairness does not require their production.  Accordingly, Pacing's waiver of the attorney-client privilege does not extend to the withheld documents.

Prior to August 4, 2005, Mr. Turner and his attorneys engaged in several privileged communications, some of which are reflected in the withheld privileged documents Garmin now seeks.   Pacing does not, however, intend to rely on any of the withheld documents to support Mr. Turner's conception date of August 4, 2005.

To support Mr. Turner's conception date of August 4, 2005, Pacing intends to rely on a draft patent application that was completed on that date, and Mr. Turner's and his attorney's testimony about any discussions they had concerning that draft application after it was written (i.e., what the application discloses).  The draft application supports a conception date of August 4, 2005 because it establishes that the portions of the '843 patent that disclose the subject matter of the asserted claims had actually been written by that date.

Garmin does not dispute that a draft application was completed on August 4, 2005.  Furthermore, Garmin does not, nor could it logically, assert that any communications between Mr. Turner and his attorneys could negate the existence of the August 4 draft application.  Knowing that it is incapable of disproving that Mr. Turner's invention had been conceived on August 4, 2005, Garmin now hopes to establish that someone other than Mr. Turner was responsible for that conception.

Garmin desperately argues that "without access to the written communications between Mr. Turner and his attorneys that let to the August 4, 2005 draft application, Garmin cannot test the accuracy of Mr. Turner's assertions that he came up with the ideas in the claims at issues [sic] prior to that date."

4

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRIVILEGED DOCUMENTS**

Case No. 12-cv-01067-BEN-WMC

Garmin's Supplemental Brief in Further Support of its Motion to Compel Privileged Documents [ECF No. 117 at 3]. Garmin's ability to test whether Mr. Turner came up with his ideas "prior to that date," however, is of no consequence in this case, because Pacing is not relying on a conception date prior to August 4, 2005. What Garmin apparently hopes the withheld privileged documents say is that Mr. Turner's attorney's told Mr. Turner about subject matter to put in the subject patent application, and/or that there were discussions about third-party products or patents that included subject matter that Mr, Turner stated should go in this August 4, 2005, draft patent application. No such statements exist. If a stipulation from Pacing will appease Garmin's concerns and avoid further privilege waiver, such a stipulation Pacing is willing to make.

On August 22, 2013, Pacing submitted each of the withheld documents to the Court for an in camera review. As that review will reveal, none of the withheld documents include any content that could be relied upon by Garmin to refute Mr. Turner's August 4, 2005 conception date or his reasonable diligence thereafter. Moreover, none of the withheld documents include any indication that someone other than Mr. Turner conceived of his invention. The subject matter of each of those documents is described below.

**PacingPriv980-1026**: This documents is completely irrelevant to Mr. Turner's August 4, 2005 conception date or his reasonable diligence thereafter.

**PacingPriv1116-1124**: This PowerPoint presentation that Mr. Turner presented to his attorneys on December 21, 2004 could not possibly be used by Garmin to refute Pacing's assertions regarding Mr. Turner's August 4, 2005 conception date or reasonable diligence thereafter.

PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRIVILEGED DOCUMENTS

Case No. 12-cv-01067-BEN-WMC

138531.00601/95150180v.1

**PacingPriv1649-1650**:  This document does not relate to the subject matter of Mr. Turner's invention, but instead reflects seeking legal advice related to business decisions, and his attorney's response thereto.

**PacingPriv464-469**:  This document is an opinion letter, dated January 19, 2005, authored by Mr. Turner's attorney, concerning the patentability of Mr. Turner's invention as he had contemplated it on that date.  This document is irrelevant to the instant dispute because it cannot be relied upon by either party to support or refute Mr. Turner's August 4, 2005 conception date or his reasonable diligence thereafter.  However, disclosure of this document would be highly prejudicial to Pacing, because the document includes analysis of several prior art references, and the possible impacts of those references on the patentability of Mr. Turner's invention.  The document is also protected as attorney work product because it includes an analysis of infringement, and thus was prepared in anticipation of potential litigation.

**PacingPriv1648**:  This attorney-to-attorney communication is irrelevant to the instant dispute because it cannot be relied upon by either party to support or refute Mr. Turner's August 4, 2005 conception date or his reasonable diligence thereafter.

**PacingPriv837-878**:  This PowerPoint presentation is not being relied upon to establish Mr. Turner's August 4, 2005 conception date or reasonable diligence thereafter.  Furthermore, nothing in this document could possibly be used by Garmin to refute Pacing's assertions regarding Mr. Turner's August 4, 2005 conception date or reasonable diligence thereafter.

**PacingPriv831-836**:  This document is not being relied upon to establish Mr. Turner's August 4, 2005 conception date or reasonable diligence thereafter.  Furthermore, nothing in this document could possibly be used by Garmin to refute

6

Pacing's assertions regarding Mr. Turner's August 4, 2005 conception date or reasonable diligence thereafter.

**PacingPriv32-33/PacingPriv35-36**:  These documents are not being relied upon to establish Mr. Turner's August 4, 2005 conception date or reasonable diligence thereafter.  Furthermore, nothing in these document could possibly be used by Garmin to refute Pacing's assertions regarding Mr. Turner's August 4, 2005 conception date or reasonable diligence thereafter.

**PacingPriv103-106**:  This document includes the text of PacingPriv32-33. The document also includes additional communications between Mr. Turner and his attorneys , none of which relate to the subject matter of the patent-in-suit.

**PacingPriv303**:  This document is a communication between Mr. Turner and his attorney, dated October 17, 2005, **after** Mr. Turner's application was filed. The letter does not reflect the subject matter of Mr. Turner's application and is irrelevant to the instant dispute because it cannot be relied upon by either party to support or refute Mr. Turner's August 4, 2005 conception date or his reasonable diligence thereafter.

///

///

///

///

///

///

///

///

///

///

PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF
ITS MOTION TO COMPEL PRIVILEGED DOCUMENTS

Case No. 12-cv-01067-BEN-WMC

138531.00601/95150180v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PacingPriv304-306**:  This document is a communication between Mr. Turner and his attorney which took place in October 2005, **after** Mr. Turner's application was filed and is irrelevant to the instant dispute because it cannot be relied upon by either party to support or refute Mr. Turner's August 4, 2005 conception date or his reasonable diligence thereafter.

Dated:  <u>August 27, 2013</u>          Respectfully submitted,


By: <u>/s/*Nicholas M. Nyemah*</u>
Nicholas M. Nyemah, Esq. (SBN #274550)
Dennis M.P. Ehling, Esq. (SBN #168892)
Sridavi Ganesan (SBN #216129)
Victor M. Wigman, Esq. (*pro hac vice*)
Charles R. Wolfe, Jr., Esq. (*pro hac vice*)
Brian Wm. Higgins, Esq. (*pro hac vice*)
James T. Smith, Esq. (*pro hac vice*)
BLANK ROME LLP
*Attorneys for Plaintiff Pacing Technologies, LLC*

8