FILED

14 JUN 24 PM 3:49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ML DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PACING TECHNOLOGIES, LLC, | CASE NO. 12-CV-1067-BEN (JLB) |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEYS' FEES** |
| vs. | |
| GARMIN INTERNATIONAL, INC. and GARMIN USA, INC., | [Docket No. 201] |
| Defendants. | |

Before this Court is Garmin's Motion for Attorneys' Fees, filed by Defendants Garmin International, Inc. and Garmin USA, Inc. (collectively, "Garmin"). (Docket No. 201). The Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). The hearing on the matter set for June 30, 2014 at 10:30 a.m. is therefore **VACATED**. For the reasons stated below, the Motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff Pacing Technologies, LLC (Pacing) filed suit against Garmin on May 1, 2012, alleging infringement of U.S. Patent No. 8,101,843 (the '843 Patent). (Docket No. 1). Pacing's Amended Complaint was filed on July 26, 2012. (Docket No. 21).

This Court issued a Claim Construction Order on October 15, 2013. (Docket No. 135). Garmin filed a Motion for Summary Judgment of Non-Infringement and a Motion for Summary Judgment of Invalidity on December 9, 2013. (Docket Nos. 144, 147). On March 3, 2014, this Court granted the Motion for Summary Judgment of

Non-Infringement and denied as moot the Motion for Summary Judgment of Invalidity. (Docket No. 178). Final judgment for Garmin was entered on April 30, 2014. (Docket No. 195). Pacing has filed a Notice of Appeal to the Federal Circuit. (Docket Nos. 181, 196).

On May 14, 2014, Garmin filed the instant Motion for Attorneys' Fees. Garmin asks this Court to award attorneys' fees in the amount of $585,994.20 for the law firm of Paul, Weiss, Wharton, Rifkind and Garrison LLP and $22,289.00 for the law firm of Caldarelli, Hejmanowski & Page LLP, totaling $608,283.20. (Mot. at 1). Garmin asserts that this represents only the fees incurred between this Court's issuance of the Claim Construction Order on October 15, 2013, and Garmin's receipt of the order on motions for summary judgment on March 10, 2014. (*Id.*) Pacing filed a Response on June 16, 2014. (Docket No. 214). Garmin filed a Reply on June 23, 2014. (Docket No. 220).

Pacing argues that the Motion should be deferred or denied without prejudice because Pacing has appealed the order granting summary judgment of non-infringement to the Federal Circuit. (Opp'n at 1, 9-10).

When an appeal on the merits is filed, a district court has discretion to rule on a claim for fees, defer its ruling on the motion, or deny the motion without prejudice and direct a new filing period for filing after the claim has been resolved. *See* FED. R. CIV. P. 54(d), advisory committee's note (1993 amendments). In some circumstances, it can be beneficial to address a motion for attorneys' fees shortly after the resolution of the action. As the Advisory Committee noted with respect to the 1993 amendments to Federal Rule of Civil Procedure 54(d):

> Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

However, "[p]articularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer

consideration of the claim for fees until after the appeal is resolved." FED. R. CIV. P. 58, advisory committee's note (1993 amendments). District courts have exercised their discretion to defer ruling on a motion for attorneys' fees, or to deny the motion without prejudice to being renewed following disposition of the appeal. *E.g.*, *Harrell v. George*, No. 11-cv-253, 2012 WL 5906659, at *1-2 (E.D. Cal. Nov. 26, 2012); *Century 21 Real Estate LLC v. Century Surety Co.*, No. CIV 03-53, 2007 WL 625916, at *1 (D. Ariz. Feb. 26, 2007)(citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion.")).

Pacing argues that this Court's ruling on summary judgment could be reversed, or that "the manner in which the court of appeals deals with this case may provide important evidence as to whether the case was, in fact, exceptional." (Opp'n at 1, 9-10). Although Garmin does not appear to deny that this Court has the discretion to stay or dismiss the motion, Garmin argues that "better approach" would be for the Court to rule upon the Motion while the issues will be "fresh in the mind" of the Court. (Reply at 3).

Upon full consideration of the briefs, this Court **DENIES WITHOUT PREJUDICE** the Motion for Attorneys' Fees and grants Garmin leave to renew its motion following the disposition of this matter on appeal. Garmin's Motion contends that Garmin is entitled to fees based on Pacing's pursuit of meritless infringement claims after the Claim Construction Order. (Mot. at 6). Garmin asserts that this Court's constructions "made clear that Pacing could not prevail," and that the litigation should have ended after the Claim Construction Order was issued. (*Id.* at 1-2). Given the nature of the appeal and the basis for Garmin's Motion, it is apparent that the appellate court's decision could have an impact on this Court's determination of whether this is an "exceptional" case. The Court determines that it would be most

1 | efficient to consider a motion for attorneys' fees after the appeal has been resolved.
2 | Dismissal allows the parties an opportunity to argue the merits of the motion in light
3 | of the appellate disposition, should Garmin choose to renew its motion. A renewed
4 | motion must be filed within **21 days** of the date the appeal is resolved.

**IT IS SO ORDERED.**

Dated: June 24, 2014

HON. ROGER T. BENITEZ
United States District Judge