

FILED

2015 AUG 10 PM 1:15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___Th___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACING TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> GARMIN INTERNATIONAL, INC. and GARMIN USA, INC., <br><br> Defendants. | Case No.: 12-CV-1067-BEN (JLB) <br><br> **ORDER DENYING MOTION FOR ATTORNEYS' FEES** <br><br> [Docket No. 226] |

Before this Court is a Motion for Attorneys' Fees, filed by Defendants Garmin International, Inc. and Garmin USA, Inc. (collectively, "Garmin"). (Docket No. 226.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Pacing Technologies, LLC initiated this patent infringement action against Garmin, accusing Garmin's fitness watches of infringing upon Pacing's '843 patent. The '843 patent is directed to methods and systems for pacing users during activities that involve repeated motions, such as running, cycling, and swimming. On October 15, 2013, this Court issued a Claim Construction Order construing thirteen claim terms. (Docket No. 135.) Specifically, the Court defined "playback device" to mean a "device

capable of playing audio, video, or a visible signal." (*Id.* at 10.) The Court also held that the term "playback device" was limited by the preamble to claim 25, which was construed as "a system for providing a sensible output for setting the pace or rate of movement of a user in performing a repetitive motion activity." (*Id.* at 15-16.)

Garmin subsequently moved for summary judgment of noninfringement, arguing that the accused products are not "playback devices." In response, Pacing argued that the accused devices were "playback devices" because the watches "play" workout information to the user. As this argument was not presented to the Court at the claim construction stage, the Court supplemented its construction of "playback device," concluding that "[t]o be a playback device as envisioned in the patent, the device must play back the pace information." (Docket No. 178, at 8.) The Court then granted summary judgment to Garmin. Pacing appealed, and the Federal Circuit issued a published opinion affirming this Court's decision. *Pacing Technologies, LLC v. Garmin Int'l, Inc.*, No. 2014-1396 (Fed. Cir. 2015).

## LEGAL STANDARD

A district court has discretion to award attorney fees in exceptional patent cases. 35 U.S.C. § 285. A case is exceptional when it "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Courts must determine whether a patent case is exceptional based upon the totality of the circumstances. *Id.*

When considering such motions, courts look to facts such as: "whether a party knew or willfully ignored evidence of the claims' meritlessness; whether the meritlessness could have been discovered by basic pretrial investigation; or whether the meritlessness was made clear early in the litigation." *TechRadium, Inc. v. FirstCall Network, Inc.*, No. H-13-2487, 2015 WL 862326, at *6 (S.D. Tex. Feb. 27, 2015) (citing *EON Corp. IP Holdings LLC v. Cisco Sys. Inc.*, 12-cv-1011-JST, 2014 WL 3726170 (N.D. Cal. July 25, 2014)). "[If] a party has set forth some good faith argument in favor

of its position, it will generally not be found to have advanced 'exceptionally meritless' claims." *Small v. Implant Direct Mfg. LLC*, No. 06 CIV 683, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014).

## DISCUSSION

Garmin contends that it is entitled to attorney fees because this case should have ended after the Court issued the Claim Construction Order. Garmin contends that the Order was dispositive, and thus, no further proceedings were warranted.

This case does not stand out from the rest. Here, there is no evidence that Pacing clearly knew that the arguments it raised were meritless. The record does not indicate that any pretrial investigation would have precluded Pacing's claims. Nor did Garmin raise any issues of bad faith or misconduct on the part of Pacing. Rather, Garmin insists that Pacing should have known early in the litigation that no worthy arguments remained.

At the claim construction stage, Pacing urged this Court to interpret "playback device" to mean "arrangement of electronic components that is capable of producing output that is a visible signal, an audible signal, or a combination of a visible and an audible signal." However, the Court rejected that construction. At the summary judgment stage, Pacing adapted to the Court's construction of the term "playback device," and raised new arguments in an attempt to show that Garmin's watches fall within the Court's construction. Although Pacing presented arguments that were unexpected, this Court does not categorize them as unreasonable or baseless.

Further, this case is not like those that Garmin relies upon. Pacing did not raise the same hopeless arguments at each stage of the litigation. *But see TechRadium, Inc.*, 2015 WL 862326, at *2-3 (plaintiff continued to argue the same position that had been rejected by the court in a substantially related litigation); *Intex Recreation Corp. v. Team Worldwide Corp.*, — F. Supp. 3d —, No. 04-1785, 2015 WL 135532, at *2 (D.D.C. Jan. 9, 2015) (plaintiff raised arguments that were "virtually identical" to those rejected during claim construction).

///

1     Applying the Court's discretion, this case is not exceptional within the meaning of section 285. *See Small*, 2014 WL 5463621, at *3 (noting that even after *Octane*, "courts continue to hold claims of baselessness to a high bar."); *Gametek LLC v. Zynga, Inc.*, No. CV 13-2546, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (showing that a case is exceptional when it concerns egregious behavior). Accordingly, Garmin's Motion for Attorneys' Fees is **DENIED**.

Dated: August /0, 2015

HON. ROGER T. BENITEZ
United States District Judge